## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. SONJA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-23- 805-PRW |
| | ) | |
| 1. PRUETT'S FOOD, INC., | ) | |
| d/b/a UPTOWN GROCERY CO., | ) | |
| 2. PRUETT'S FOOD INC., and | ) | |
| 3. SHANE KENNEDY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | **ATTORNEY'S LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Sonja Jackson, and for her Complaint against the Defendants alleges and states as follows:

## PARTIES

1. Plaintiff, Sonja Jackson, is an adult female, residing in Oklahoma County, Oklahoma.

2. Defendants are:

   a. Pruett's Food, Inc., d/b/a Uptown Grocery Co., an entity doing business in and around Oklahoma County, Oklahoma;

   b. Pruett's Food, Inc., an entity doing business in and around Oklahoma County, Oklahoma (collectively "Pruett's"); and

   c. Shane Kennedy, an individual who at all relevant times hereto was

1

employed as the Store Director with Pruett's Food.

## JURISDICTION AND VENUE

3. This cause of action arises out of Plaintiff's former employment with Pruett's and is based on the following claims: (a) race discrimination and retaliation in violation of 42 U.S.C. § 1981; (b) race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964; (c) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (d) gender discrimination in violation of Title VII of the Civil Rights Act of 1964; (e) tortious interference with a contractual/employment relationship; and (f) tortious interference with a prospective business advantage.

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

5. To the extent required, Plaintiff has exhausted her administrative remedies as to the above-listed claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 21, 2022. The EEOC issued a right to sue letter dated June 27, 2023 which Plaintiff received thereafter. Plaintiff has timely filed this action within ninety (90) days of her receipt of the notice of right to sue.

6. All acts complained of herein occurred in or around Oklahoma County, Oklahoma. Oklahoma County is located within the Western District of the United States

District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

7. Plaintiff (DOB: 7/1967), who is a Black female, was employed with Pruett's, or a predecessor thereof, at its location in Oklahoma City from in or around 2006 until in or around 2009 when she left due to a serious health condition. In 2011, she returned to work with Pruett's and continued working there until on or about August 24, 2022.

8. Plaintiff worked a total of around fourteen (14) years of employment with Pruett's as a Front End Cashier.

9. Throughout her lengthy tenure, Plaintiff performed her job in a satisfactory manner, receiving positive feedback on her performance, and merit-based increases, with her last one being in or around July 2022 from Assistant Store Director Sean (last name unknown) (Hispanic male).

10. Despite this, Plaintiff was wrongfully terminated on or about August 24, 2022.

11. On or about August 5, 2022, Plaintiff was assisting a customer at the register. The customer was angry that the store did not have the items they wanted and began yelling and cussing at Plaintiff, stating things such as, *inter alia*, "f*** you," "go f*** yourself," "I'm gonna get your fired," and "I'm privileged."

12. Plaintiff tried to calm the customer, but was unsuccessful. She ultimately told the customer to have a good day.

13. The same day, Assistant Manager Ashley Goolsby (who is a White female and significantly younger than Plaintiff) issued a documented counseling to Plaintiff which

admits the customer made inappropriate comments to Plaintiff.

14. Plaintiff denied she used inappropriate language toward a customer.

15. Plaintiff worked on August 6 and 7, 2022.

16. From on or about August 8-16, 2022, Plaintiff was off of work on vacation.

17. On or about August 17, 2022, Store Director Shane Kennedy (who is a White male and significantly younger than Plaintiff) issued a final warning and suspension to Plaintiff, claiming she had discussed the August 5 write-up with other employees.

18. Significantly, Kennedy wrote in the a final warning and suspension that "[w]hile discussing with employees about the write up she stated it was because of race."

19. Kennedy further noted that Plaintiff is to "leave any conversation about race to her and management."

20. Moreover, Kennedy provided a written statement to the OESC which avers that "[o]n 8/17/22, we wrote Sonya up for discussing the write up <u>especially because she told them it was because of race</u>." (Emphasis added).

21. Plaintiff was not asked her side of the story, but was placed on unpaid suspension for one week.

22. In addition, Kennedy tried to entice Plaintiff to quit at that time, stating that if she did so, she would be paid out a week of vacation pay.

23. On or about August 24, 2022, when Plaintiff returned to work, Kennedy told her that he did not think she was coming back to work. When Plaintiff asked why, Kennedy fired her, stating "the company wants to let you go."

24. During her employment, Plaintiff witnessed White and/or younger employees being treated more favorably than older and/or non-White workers. By way example, White and/or younger employees, including but not limited to those working in the bakery/deli would no call/no show for work and had other attendance issues, yet to Plaintiff's knowledge, they were not disciplined. However, older and/or non-White employees would be subject to discipline for alleged attendance infractions.

25. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

## COUNT I: 42 U.S.C. § 1981

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

26. This cause of action is asserted against all Defendants.

27. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination and retaliation.

28. Plaintiff is entitled to relief for race discrimination because she is Black, she was qualified for her job, she was terminated, and her job was not eliminated.

29. Plaintiff is further entitled to relief for retaliation because she engaged in protected opposition to race discrimination; she suffered adverse actions subsequent to the protected activity, and a causal link exists between the protected activity and the adverse actions.

30. As damages, Plaintiff has suffered lost earnings, past and future, emotional

distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

31. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT II:  Title VII – Race

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

32. This cause of action is asserted against Defendant entities.

33. The matters alleged above constitute violations of Title VII of the Civil Rights Act in the nature of race discrimination and retaliation.

34. Plaintiff is entitled to relief for race discrimination because she is Black, she was qualified for her job, she was terminated from her employment, and her job was not eliminated.

35. Plaintiff is also entitled to relief under Title VII for retaliation because Plaintiff engaged in protected opposition to race-based discrimination; she suffered adverse actions subsequent to the protected activity; and a causal link exists between the protected activity and the adverse actions.

36. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

37. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### COUNT III: ADEA

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

38. This Count goes against Defendant entities.

39. The matters alleged above constitute violations of the ADEA in the form of age discrimination.

40. Plaintiff is entitled to relief under the ADEA because at all relevant times hereto, Plaintiff was over the age of forty (40), was qualified for her job, was discharged and her job was not eliminated after her termination.

41. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is entitled to liquidated damages based on Defendant entities' willful misconduct.

### COUNT IV: TITLE VII (Gender)

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

42. This Count goes against Defendant entities.

43. The matters alleged above constitute violations of Title VII in the form of gender discrimination.

44. Plaintiff is entitled to relief under Title VII for gender discrimination because Plaintiff is female; she was qualified for her job; she was terminated; and her job was not eliminated.

45. As damages, Plaintiff has suffered lost income, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

46. Because the actions of Defendant were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT V: TORTIOUS INTERFERENCE

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

47. This Count goes against Defendant Kennedy.

48. The acts above-described constitute unlawful tortious interference with a contractual/employment relationship. Defendant Kennedy's actions were malicious and caused an actual harm to Plaintiff's employment relationship with Defendant entities. Defendant Kennedy had no justification, excuse, or privilege for such interference.

49. Defendant Kennedy knew or should have known of Plaintiff's employment relationship and expectancy of continued employment with Defendant entities.

50. Defendant Kennedy made the decision to wrongfully terminate Plaintiff's employment based on the unlawful grounds set forth above. As such, Defendant Kennedy interfered with the employment relationship and expectation of continued employment

Plaintiff had with Defendant entities.

51. The actions of Defendant Kennedy were intentional, malicious and wrongful. Defendant Kennedy was not acting to serve any legitimate or lawful interest of Defendant entities, but was pursuing his own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federally protected rights.

52. Defendant Kennedy's actions, in addition to not being legitimate, were not justified or privileged.

53. As a result, Plaintiff is entitled to all damages allowed by state law. Moreover, because the actions of Defendant Kennedy were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

**COUNT VI: INTERFERENCE WITH AN ECONOMIC ADVANTAGE**

For her sixth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

54. This Count goes against Defendant Kennedy.

55. The acts described above constitute unlawful interference with Plaintiff's prospective economic advantage.

56. Defendant Kennedy had knowledge of this relationship and/or expectancy.

57. Defendant Kennedy intentionally induced or caused a breach of Plaintiff's expectancy.

58. Such a breach resulted in damage to Plaintiff.

59. Defendant Kennedy was involved in wrongfully terminating Plaintiff's

employment based on the unlawful grounds set out above. As such, Defendant interfered with the employment relationship and expectation of continued employment Plaintiff had with Defendant entities.

60.  The actions of Defendant Kennedy were intentional, malicious and wrongful. And, Defendant Kennedy had no justification, excuse or privilege for his actions. Defendant Kennedy was not acting to serve any legitimate or lawful interest of Defendant entities but was pursuing his own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federally protected rights.

61.  Plaintiff suffered damages as a direct result of the actions of Defendants. And, such damages was proximately sustained as a direct result of the complained-of interference.

62.  As a result, Plaintiff is entitled to all damages allowed by state law. Moreover, because the actions of Defendant Kennedy were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against the Defendants and award actual damages, compensatory damages, back pay, front pay, emotional distress damages, liquidated damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees and other such relief under federal and Oklahoma state law as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 12TH DAY OF SEPTEMBER, 2023.**

     **s/Jana B. Leonard**
     **JANA B. LEONARD, OBA# 17844**
     **SHANNON C. HAUPT, OBA #18922**
     **KARINA R. LUECK, OBA #35171**
     **LEONARD & ASSOCIATES, P.L.L.C.**
     **8265 S. WALKER**
     **OKLAHOMA CITY, OK 73139**
     **(405) 239-3800 (telephone)**
     **(405) 239-3801 (facsimile)**
     **leonardjb@leonardlaw.net**
     **haupts@leonardlaw.net**
     **lueckkr@leonardlaw.net**

     **JURY TRIAL DEMANDED**
     **ATTORNEY LIEN CLAIMED**